per curiam:
Herbert Rose, a condominium owner at The Village of King’s Creek, filed a multi-count complaint seeking declaratory relief, injunctive relief, damages, attorney fees and costs, and other relief against the homeowner’s association of his condominium. In Count I of his complaint, Rose challenged the appointment of two directors to the association’s board of directors because neither held a valid record title interest, and he sought a declaration from the court that this was improper. See § 718.111(l)(a), Fla.Stat. (1997). By the time of hearing, the directors had ended their terms. The association, arguing that the matter was moot, moved to dismiss Rose’s complaint.
Following hearing, the trial court dismissed with prejudice the count seeking declaratory relief. In that order, the trial court made exactly the declaration Rose had sought, concluding:
1. In order for a person or corporation to serve as a member of the Board of Directors, the person or corporation shall be a record owner of legal title to a unit at The Village of Kings Creek Condominium Association, Inc.
The court went on to conclude that issues regarding the directors’ appointment to the board were moot because the association by that time required evidence of record title for service on its board of directors, and the directors at issue had ceased service on the board.
As observed in Durand v. Metropolitan Dade County, 472 So.2d 865, 866 (Fla.App.1985), citing Rosenhouse v. 1950 Spring Term Grand Jury, In and For Dade County, 56 So.2d 445 (Fla.1952), this was error.
“The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all.” 56 So.2d at 448.
Thus, the trial judge, having ruled in Rose’s favor and declared that a person must have a recorded title interest to a unit to serve on the board, erred in ordering the matter dismissed with prejudice.
The order at issue contains another error. The trial judge’s ruling concluded:
4. Recognizing that this order does not serve as an advisory opinion, but in or *1179 der to avoid further litigation on the issues raised by Count I of the Amended Complaint, the actions, resolutions, votes and all other corporate acts of Mayra Arrondo and Luis Rodriguez while serving on the Board of Directors and for Mayra Arrondo’s service as an officer of the Board of Directors shall be deemed legal and valid.
Having heard no evidence on the matter, this determination cannot stand. Rose candidly admitted at oral argument that at present there was no foundation in fact for the remainder of the claims he made; thus, the association’s motion to dismiss as to the balance of Rose’s claims should have been granted without prejudice, rather than blindly concluding all actions of these board members were “legal and valid.”
Accordingly, as to Count I, Rose sought the answer to a question and the court answered that question in the affirmative. The declaratory relief sought being the primary issue in the case and the balance of Rose’s claims to be dismissed, on remand, the trial court will be in position to award Rose attorney’s fees as prevailing party.
Reversed and remanded for further proceedings consistent with the statements made herein.